■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HALLUMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered February 1, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence established that on July 13, 1986, at approximately 10:30 A.M., the defendant entered the back seat of the complainant's car service taxi and asked to be taken to a certain location in Brooklyn. As the taxi approached the requested location, the defendant wrapped his arm around the claimant's neck and pressed "something like a knife" to his neck. The defendant took $90 and some rings from the complainant. The defendant then took the complainant's keys, exited the car and told the complainant to watch where he threw the keys. It was at this point that the complainant got a

good view of the defendant's face. The defendant tossed the keys and fled.

On appeal, the defendant challenges the sufficiency of the evidence adduced at trial to establish his guilt of robbery in the first degree. The People had the burden to prove that the defendant actually used an instrument during the crime which was "readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; § 160.15; *People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087). However, it was not necessary for the victim to actually see the weapon or instrument to prove this element of the crime *(see, People v Pena,* 50 NY2d 400, *supra; People v Di Girolamo,* 108 AD2d 755). In *People v Lawrence* (124 AD2d 597) the complainant testified that the defendant threatened to cut her and she concluded that he had a knife because she felt a cold, hard object next to her body. This court held that although the complainant did not see the object, viewing the circumstantial evidence in the light most favorable to the People, the defendant's guilt was established beyond a reasonable doubt.

At bar, though the complainant could not see the object placed against his neck, he concluded that it was a knife because it felt like a knife and left an indentation on his neck for a number of days thereafter. Therefore, viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant used a dangerous instrument to forcibly steal property from the complainant.

The defendant's contention that the submission of a verdict sheet to the jury deprived him of a fair trial is not preserved for appellate review since he failed to object to its submission *(see, People v Lugo,* 150 AD2d 502). Additionally, the defense counsel impliedly consented to the submission of the verdict sheet by not objecting to it when the Judge gave counsel copies for their approval *(see, People v Weatherly,* 144 AD2d 509, 510).

The sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.