■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK O'NEIL, Appellant. [601 NYS2d 183] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered August 5, 1991, convicting

him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 10:15 P.M., two police officers in a marked police vehicle observed a taxicab with a broken tail light and directed the driver to pull over. As the officers sounded their vehicle's siren, the defendant, one of two men sitting in the back seat of the taxicab, turned and made eye contact with one of the officers before turning forward and bending down. When the officers shined a flashlight on the floor of the back of the taxicab, they saw an automatic pistol between the defendant's feet. An officer testified that the defendant then said: "[t]he gun is not mine". The taxicab driver testified that there was no gun in the car before he began driving that evening, and that the two men arrested in this incident were his first passengers that night. A ballistics expert testified that the gun and the ammunition found in it were operable.

We disagree with the defendant's contention that the court's charge to the jury deprived him of a fair trial. There is no merit to the defendant's argument that the court's hypothetical example concerning constructive possession, which involved leaving an object on a table, was dangerously close to the prosecution's theory that the defendant bent down and put the gun on the floor of the taxicab. In addition, the court's charge sufficiently explained that intent to retain dominion and control is a required element of constructive possession. The defendant's contention that the court should have instructed the jury that the "automobile presumption" (see, Penal Law § 265.15 [3]) does not dilute the People's burden of proof is unpreserved for appellate review and, in any event, is without merit. The court expressly stated that the presumption did not shift to the defendant any burden of proof whatsoever, that the burden of proof remained on the prosecution throughout the trial, and that the presumption was merely a permissive inference which the jury had the option to reject (see, People v Leyva, 38 NY2d 160; cf., People v Thornton, 104 AD2d 426).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.