■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ALEXANDER, Appellant. [617 NYS2d 799] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered March 22, 1993, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues on appeal that there was legally insufficient evidence to convict him of grand larceny in the fourth degree. Specifically, he claims that the People failed to prove there was a "taking" of the complainant's property, an element of the crime (see, Penal Law § 155.30 [5]). According to the defendant, a "taking" only occurs when the perpetrator removes property from the person of the complainant, not when the complainant hands property over to the perpetrator.

This argument is unpreserved for appellate review, as it was not raised in a timely manner (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, the defendant's contention is without merit. A person is guilty of grand larceny in the fourth degree

"when he steals property and when * * *

"[t]he property, regardless of its nature and value, is taken from the person of another" (Penal Law § 155.30 [5]).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), the defendant placed "something" in the complainant's back and demanded money. The complainant thereupon handed his money to the defendant. "Taking" has been defined as the exercise of dominion and control over property in a manner wholly inconsistent with the victim's ownership rights (see, People v Jennings, 69 NY2d 103). Property obtained by the threat of the immediate use of force constitutes a "taking" whether the

victim hands the perpetrator the property or the perpetrator removes it himself from the victim *(see, People v Sumter,* 173 AD2d 659; *see generally, People v Corbett,* 162 AD2d 415). Furthermore, while the defendant points to several inconsistencies in the complainant's testimony, it is well settled that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or are without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.