■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDRICK HOLLOWAY, Appellant. [677 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Buchter, J.), rendered January 9, 1997, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 8, 1996, the defendant, a passenger in the complainant's commuter van, refused to pay the fare. The complainant followed the defendant and a struggle ensued, during which the defendant stabbed the complainant. The defendant claimed that he did pay the fare and that upon being confronted by the complainant, he stabbed him in self-defense. The defendant was charged with assault in the second degree and criminal possession of a weapon in the fourth degree. The jury returned a verdict convicting the defendant of assault in the second degree and acquitting him of criminal possession of a weapon in the fourth degree. The defendant unsuccessfully sought to have the verdict set aside as repugnant, and this appeal followed.

Viewing the elements of the crime as charged to the jury (*see, People v Tucker,* 55 NY2d 1, 7), we find that the jury may have found that the defendant initially possessed the weapon without any intent to use it unlawfully (*see, People v Haymes,* 34 NY2d 639, 640, *cert denied* 419 US 1003; *People v Hudson,* 163 AD2d 418, 419; *People v Garcia,* 72 AD2d 356, 361, *affd* 52 NY2d 716). Therefore, the verdict finding the defendant guilty of assault in the second degree and not guilty of criminal possession of a weapon in the fourth degree was not repugnant. Mangano, P. J., Copertino, Joy and Florio, JJ., concur.