■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT YOUNG, Appellant. [690 NYS2d 190] —Judgment, Supreme Court, Bronx County (George Covington, J., at suppression hearing; Joseph Cerbone, J., at jury trial and sentence), rendered March 7, 1996, convicting defendant of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of 25 years to life and 12½ to 25 years, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Although the suppression court failed to make findings of fact or conclusions of law, in violation of CPL 710.60, there is an adequate record upon which this Court may make its own findings and conclusions (see, People v Jones, 247 AD2d 272, lv denied 92 NY2d 927). Although the photo array containing defendant's photograph was lost, the copy of the array presented at the hearing, in addition to the testimony concerning the array, was sufficient to establish that it was not suggestive, and we find no evidence of suggestive police conduct. Defendant's claim that his lineup was tainted by a witness's premature viewing of the lineup fillers is contradicted by the record, which clearly establishes that no such event occurred with respect to this lineup.

The trial court properly denied defendant's motion to reopen the Wade hearing on the basis of trial testimony claimed by defendant to indicate that there may have been a single-photo identification. The trial court correctly determined that the testimony in question was based on the witness's misunderstanding of a question, and that the witness's mistake was immediately rectified on further examination (see, CPL 710.40 [4]; People v Ferguson, 237 AD2d 187, lv denied 90 NY2d 857).

We have considered and rejected defendant's remaining contentions. Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.