■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GARNER, Appellant. [708 NYS2d 526] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (Penal Law § 260.10). Defendant was acquitted of, *inter alia,* four other charges of rape in the third degree. The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Because of the inconsistent testimony of the victim concerning the dates of the incidents forming the basis of the other charges, the jury had a rational basis for crediting her testimony with regard to the November 7, 1997 incident but rejecting her testimony concerning the remaining incidents (*cf., People v Tucker,* 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039).

Supreme Court properly denied defendant's motion to set aside the verdict based upon the alleged failure of the prosecutor to turn over the report of a police officer prior to trial. The prosecutor insisted that he had turned over the report prior to trial at the same time that he turned over other police reports, but even if that were not the case, it is undisputed that defense counsel received the report before cross-examining the police officer and was able to utilize it during that cross-examination. Counsel could have recalled the victim, but he chose not to do so. Under those circumstances, defendant failed to establish that he was substantially prejudiced as a result of the alleged delay in turning over *Rosario* material (*see, People v Ranghelle,* 69 NY2d 56, 63; *People v Johnson,* 264 AD2d 632, *lv denied* 94 NY2d 864; *People v Best,* 186 AD2d 141, *lv denied* 81 NY2d 785).

The court properly gave an *Allen* charge *(see, Allen v United States,* 164 US 492) upon being informed that the jury was deadlocked after less than a day of deliberations. The court also properly accepted two partial verdicts and allowed the jury to continue its deliberations with respect to the remaining counts *(see,* CPL 310.70 [1] [b] [i]). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Rape, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.