Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered July 14, 2000, convicting him of robbery in the second *444 degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated February 10, 2003 [302 AD2d 471], the matter was remitted to the Supreme Court, Queens County, to hear and determine the issues raised in that branch of the defendant’s omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim. The Supreme Court, Queens County (Mc-Cann, J.), has now issued its report.
Ordered that the judgment is affirmed.
The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Evans, 298 AD2d 401 [2002]; People v Fryar, 276 AD2d 641 [2000]; People v Overton, 188 AD2d 491, 492 [1992]). The evidence adduced at the suppression hearing supports the Supreme Court’s denial of that branch of the defendant’s omnibus motion which was to suppress identification testimony. Contrary to the defendant’s contention, he was not in police custody when the complainants unequivocally identified him during a canvass of the area where the crime occurred (see People v Bora, 83 NY2d 531 [1994]). We also find no merit to the defendant’s argument that the identification was the result of unduly suggestive police procedures (see People v Dixon, 225 AD2d 791 [1996]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The'defendant’s remaining contentions either are unpreserved for appellate review or without merit. Florio, J.E, Friedmann, Cozier and Mastro, JJ., concur.