■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WUILIAN SALAZAR, Appellant. [792 NYS2d 98]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 30, 2002, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see *People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see *People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant contends that the jury's verdict convicting him of assault in the second degree and acquitting him of criminal possession of a weapon in the fourth degree is repugnant. This contention is unpreserved for appellate review, as counsel failed to raise the issue before the discharge of the jury (see *People v Satloff,* 56 NY2d 745, 746 [1982]; *People v Samwell,* 287 AD2d 663 [2001]). In any event, the jury's verdict is not repugnant. Viewing the elements of the crime as charged to the jury (see *People v Tucker,* 55 NY2d 1, 7 [1981]), the jury could have found that the defendant initially possessed the dangerous instrument

without any intent to use it unlawfully (*see People v Anthony,* 273 AD2d 246 [2000]; *People v Holloway,* 253 AD2d 767, 768 [1998]; *People v Smith,* 235 AD2d 558, 559 [1997]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.