■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAN BROWN, Appellant. [797 NYS2d 763]—Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered July 24, 2002, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIHEEN T. DONIGAN, Appellant. [797 NYS2d 763]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered July 30, 2002, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A review of the plea proceeding reflects that the defendant's waivers of his rights to appeal and to prosecution by indictment were knowing, intelligent, and voluntary (*see People v Kemp,* 94 NY2d 831, 833 [1999]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Seaberg,* 74 NY2d 1 [1989]; *People v Boston,* 1 AD3d 443 [2003]; *People v Gonzalez,* 299 AD2d 581, 582 [2002]).

In addition, the defendant's contention that the plea allocution was inadequate to establish every element of the crime of manslaughter in the first degree is unpreserved for appellate review (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Eaton,* 14 AD3d 577 [2005]; *People v Diaz,* 9 AD3d 470 [2004]). In any event, "[e]ven if the defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless" (*People v Duff,* 158 AD2d 711, 711 [1990]; *see People v Nina,* 184 AD2d 593 [1992]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.