■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNAVAN BENNETTE, Appellant. [805 NYS2d 618]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered February 25, 2002, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury verdict finding him guilty of assault in the second degree and not guilty of criminal possession of a weapon in the fourth degree was repugnant. This contention is unpreserved for appellate review since the defendant's counsel failed to raise the issue before the discharge of the jury (*see People v Satloff*, 56 NY2d 745 [1982]). In any event, viewing the elements of the crime as charged to the jury (*see People v Tucker*, 55 NY2d 1, 4 [1981]), the jury could have found that the defendant initially possessed a dangerous instrument without any intent to use it unlawfully (*see People v Salazar*, 16 AD3d 439 [2005]; *People v Holloway*, 253 AD2d 767, 768 [1998]; *People v Smith*, 235 AD2d 558, 559 [1997]). Thus, the verdict was not repugnant (*see People v Salazar, supra*).

The defendant's remaining contention is without merit. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENS, Appellant. [805 NYS2d 621]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McKay, J.), rendered March 7, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to a public trial when the trial court partially closed the courtroom during the testimony of two undercover police officers was waived and, in any event, is without merit (*see People v Sevencan*, 258 AD2d 485 [1999]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.