■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER MILLETT, Appellant. [812 NYS2d 554]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 7, 2002, convicting him of assault in the second degree, assault in the third degree, criminal contempt in the first degree, and criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of assault in the second degree (Penal Law § 120.05 [2]) and criminal contempt in the first degree (Penal Law § 215.51 [b] [i]) beyond a reasonable doubt because the People failed to prove that he used a knife or similar instrument during the incident. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 21 [1995]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence presented by the People was sufficient to permit a rational trier of fact to conclude that the defendant used a knife during the incident (*see People v Oglesby*, 15 AD3d 419 [2005]; *People v Wade*, 274 AD2d 438, 439 [2000]).

The defendant also contends that the testimony of the complainant lacked credibility and should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]; *People v Prahalad*, 295 AD2d 373 [2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Wells*, 18 AD3d 482, 483 [2005]; *People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.