■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD MORCIGLIO, Appellant. [813 NYS2d 680]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 16, 2004, convicting him of grand larceny in the fourth degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch

of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his precise challenge to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21 [1995]; *cf. People v Soto,* 8 AD3d 683, 684 [2004]). He also failed to preserve for appellate review his claim that the verdict was repugnant, as no objection was raised before the jury was discharged (*see* CPL 470.05 [2]; *People v Jackson,* 19 AD3d 614, 615 [2005]; *People v Graham,* 307 AD2d 935 [2003]; *People v Balbuena,* 264 AD2d 424 [1999]). In any event, these claims are without merit (*see People v Alexander,* 208 AD2d 757 [1994]).

Further, contrary to the defendant's contention, he was not deprived of the opportunity to demonstrate the suggestiveness of the identification procedure to the hearing court (*see People v Burgos,* 204 AD2d 344, 345 [1994]). The alleged photocopy of the photographic array admitted into evidence at the hearing, coupled with the testimony concerning the procedure followed, provided a sufficient basis to overcome any inference that the array was invalid and to establish that the procedure was not suggestive (*see People v Coleman,* 2 AD3d 1045, 1046 [2003]; *People v Young,* 261 AD2d 109, 110 [1999]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.