■ The People of the State of New York, Respondent, v Alexander Purcell, Appellant. [823 NYS2d 913]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered July 26, 2004, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the Supreme Court erred in failing to instruct the jury that the statutory presumption under Penal Law § 265.15 (3) that the defendant possessed the firearm was rebuttable and to emphasize that the burden of proof remained on the People is without merit. The Supreme Court properly instructed the jury by expressly stating that the burden of proof remained on the People and that the presumption was merely a permissive inference which the jury had the option to reject (*see People v Waters,* 30 AD3d 681 [2006]; *People v O'Neil,* 196 AD2d 598 [1993]; *People v Martinez,* 257 AD2d 479 [1999]). Furthermore, the defendant's claim that the Supreme Court erred in charging the jury that it could rely upon the statutory presumption of possession of a weapon under Penal Law § 265.15 (3) to presume that the defendant had intent to use the weapon unlawfully under Penal Law § 265.15 (4) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Saez,* 238 AD2d 610 [1997]). In any event, the claim is without merit, as there was evidence, in addition to the presumption of possession, that showed that the defendant intended to use the firearm unlawfully (*see People v Donigan,* 20 AD3d 487 [2005]; *see generally Tot v United States,* 319 US 463, 467 [1943]; *People v Terra,* 303 NY 332, 335 [1951]).

Finally, the defendant's claim that the Supreme Court erred

in failing to instruct the jury to consider the evidence of guilt or innocence separately as to each defendant is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Saez,* 238 AD2d 610 [1997]). In any event, the claim is without merit, as the Supreme Court properly charged the jury (*see People v Johnson,* 87 NY2d 357, 360 [1996]; *People v Russell,* 266 NY 147, 153 [1934]). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.