■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MOSES, Appellant. [826 NYS2d 746]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DelGiudice, J.), rendered August 4, 2004, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt of assault in the second degree beyond a reasonable doubt because, inter alia, the complainant did not sustain a "physical injury" within the meaning of Penal Law § 10.00 (9). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to support the jury's finding of physical injury (*see People v Terrero,* 31 AD3d 672 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Rambali,* 27 AD3d 582 [2006]; *People v Clarke,* 250 AD2d 619 [1998]; *People v Belk,* 241 AD2d 552 [1997]). Viewed in this light, we also find that the evidence adduced at trial was legally sufficient to establish that the defendant used a dangerous instrument during the incident (*see* Penal Law § 10.00 [13]; *People v Millett,* 26 AD3d 345 [2006]; *People v Hallums,* 157 AD2d 800, 801 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's claim that the jury's verdict was repugnant since the jury convicted him of assault in the second degree while acquitting him of criminal possession of a weapon in the second and third degrees is unpreserved for appellate review, as he failed to raise this issue before the discharge of the jury (*see People v Satloff,* 56 NY2d 745, 746 [1982]; *People v Bennette,* 23 AD3d 489 [2005]; *People v Salazar,* 16 AD3d 439 [2005]). In any

event, viewing the elements of the crimes as charged to the jury (*see People v Tucker,* 55 NY2d 1, 7 [1981]), the verdict was not repugnant since the acquittal on the counts of criminal possession of a weapon in the second and third degrees did not negate any of the elements of assault in the second degree (*see People v Cruz,* 175 AD2d 212 [1991]; *People v Hudson,* 163 AD2d 418 [1990]; *People v Garcia,* 72 AD2d 356, 361 [1980], *affd* 52 NY2d 716 [1980]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.