■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY ROMGOBIND, Appellant. [837 NYS2d 274]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered March 29, 2005, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his precise challenge to the legal sufficiency of the evidence and his related claim that the jury verdict convicting him of attempted robbery in the first degree and acquitting him of criminal possession of a weapon in the fourth degree was repugnant (*see* CPL 470.05 [2]; *People v Morciglio,* 29 AD3d 710, 711 [2006]). In any event, the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Casas,* 1 AD3d 444, 445 [2003]; *People v Lucas,* 1 AD3d 381 [2003]),

and the jury could have found that the defendant initially possessed a dangerous instrument without any intent to use it unlawfully (*see People v Bennette,* 23 AD3d 489 [2005]; *People v Salazar,* 16 AD3d 439 [2005]; *People v Anthony,* 273 AD2d 246 [2000]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The trial court properly exercised its discretion in accepting a partial verdict and allowing the jury to continue its deliberations (*see People v Garner,* 272 AD2d 873, 874 [2000]; *People v Wincelowicz,* 258 AD2d 602, 603 [1999]).

The defendant's contention that the court failed to respond meaningfully to the jury's note regarding the count of attempted robbery in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Starling,* 85 NY2d 509, 516 [1995]; *People v Clark,* 298 AD2d 461 [2002]). In any event, the court's response to the note, which was discussed with counsel before it was rendered, was meaningful (*see People v Steinberg,* 79 NY2d 673, 684 [1992]; *People v Fair,* 308 AD2d 597 [2003]).

Furthermore, the defendant received the effective assistance of counsel (*see Strickland v Washington,* 466 US 668 [1984]; *People v Benevento,* 91 NY2d 708, 712 [1998]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.