■ In the Matter of DANIEL B., a Person Alleged to be a Juvenile Delinquent, Appellant. [838 NYS2d 179]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated May 16, 2006, which, upon a fact-finding order of the same court dated March 10, 2006, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted grand larceny in the fourth degree, adjudged him to be a juvenile delinquent, and ordered him to be placed with the New York State Office of Children and Family Services

for a period of 12 months, with 30 days credited for time already spent in detention. The notice of appeal from the fact-finding order dated March 10, 2006, is deemed a premature notice of appeal from the order of disposition dated May 16, 2006 (*see* CPLR 5520 [c]). The appeal brings up for review the fact-finding order dated March 10, 2006.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Ricky A.*, 11 AD3d 532, 532-533 [2004]; *Matter of Rosalis D.*, 305 AD2d 407 [2003]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see Matter of Ricky A., supra*; *Matter of Ejiro A.*, 268 AD2d 428 [2000]).

Viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the determination made in the fact-finding order (*see* Penal Law §§ 110.00, 155.30 [5]; *People v Alexander*, 208 AD2d 757 [1994]).

Resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of James B.*, 262 AD2d 480, 481 [1999]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's determination was not against the weight of the evidence (*cf. People v Romero, supra*). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.