ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The nature and extent of cross-examination are subject to the sound discretion of the trial judge (*id.* at 374). In this case, the court struck an appropriate balance between the probative value of the defendant's prior conviction on the issue of his credibility and the possible prejudice to the defendant (*see People v Cooper,* 36 AD3d 828, 829 [2007]; *People v Caldwell,* 23 AD3d 576 [2005]; *People v Springer,* 13 AD3d 657, 658 [2004]).

The defendant's contention, raised in his supplemental pro se brief, that he was denied his right to the effective assistance of counsel is, in part, based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Rusielewicz,* 45 AD3d 704 [2007]; *People v Gonzalez,* 44 AD3d 871 [2007]). To the extent that the defendant's contention is based upon matter appearing in the record, we find that he was afforded meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions, including the remaining contentions raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLON HAYES, Appellant. [849 NYS2d 166]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered June 19, 2006, convicting him of promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of promoting prostitution in the third degree is unpreserved for appellate review, since he failed to address any specific legal errors as a basis for dismissal of those counts in the trial court (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE HERCULES, Appellant. [850 NYS2d 535]—