■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DELGADO, Appellant.—Judgment, Supreme Court,

New York County (Franklin Weissberg, J.), rendered October 11, 1988, convicting defendant, after a jury trial, of attempted assault in the second degree and sentencing him to an indeterminate term of imprisonment of 2 to 4 years, unanimously affirmed.

Defendant contends that the evidence was insufficient to establish that he intended to inflict serious physical injury upon his victim. To the contrary, the evidence at trial showed that defendant and his accomplice punched and kicked the victim numerous times about the head and body, and that the victim suffered a concussion and experienced pain for two weeks after the assault. Even if serious injury were not inflicted, "[t]he mere fortuity that a physical injury was not inflicted is no defense to the charges of attempted assault" *(People v Early,* 85 AD2d 752, 753).

Similarly, the prosecutor's argument in summation that the victim fortuitously did not suffer more grievous injuries was responsive to the defense claim that there had been no attempt to cause serious physical injury. Nor were other portions of the summation beyond the proper scope of fair comment.

The trial court did not shift the burden of proof or unfairly marshal the evidence in its charge. Any potential for confusion in the court's charge on the appropriate inference to be drawn when more than one inference could be drawn was eliminated by the charge, read as a whole. *(People v Getch,* 50 NY2d 456.)* The prosecutor's burden and the reasonable doubt standard were correctly conveyed to the jury. Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.