■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD D. JORDAN, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for resentencing, in accordance with the following Memorandum: Defendant's conviction for assault

in the first degree was not repugnant to his acquittal of criminal possession of a weapon in the third degree. Viewing the elements of each offense, as charged by the court (see, People v Loughlin, 76 NY2d 804; People v Green, 71 NY2d 1006; People v Tucker, 55 NY2d 1, rearg denied 55 NY2d 1039), the jury could have found that defendant's initial possession of the knife was without the intent to use the knife unlawfully against the victim (see, People v Garcia, 72 AD2d 356, 361, affd 52 NY2d 716; People v Hudson, 163 AD2d 418, 419). The court's charge, to which defendant had no objection, defined each charge separately and required that the jury consider them separately. If, as defendant now claims, he could not have committed assault in the first degree without by the same conduct committing criminal possession of a weapon in the third degree, defendant should have asked the court to submit these counts in the alternative. The court's charge, unobjected to by the defendant, permitted the verdict returned here (see, People v Olcan, 143 AD2d 369, 373, lv denied 72 NY2d 1048).

Reviewing this record in light of the factors enunciated by the Court of Appeals in People v Taranovich (37 NY2d 442), we reject defendant's argument that the 14-month delay from arrest to trial deprived him of his constitutional right to a speedy trial. We do conclude, however, that the defendant was improperly sentenced as a second felony offender based upon a 1984 Florida conviction for grand theft. The Florida statute in effect at the time made it a felony to steal property with a value greater than $100, whereas the New York threshold for a felony was $250. Consequently, defendant's 1984 Florida conviction is not a predicate felony for sentencing purposes (see, People v Olah, 300 NY 96; People v Rodgers, 128 AD2d 418, lv denied 70 NY2d 655; People v Brooks, 73 AD2d 564). Accordingly, defendant's adjudication as a second felony offender must be vacated and the matter remitted for resentencing. (Appeal from Judgment of Oneida County Court, Buckley, J.—Assault, 1st Degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.