■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PEGUES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Braatz, J.), rendered November 15, 1985, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reversing the conviction of criminal possession of a weapon in the third degree as charged in the fourth count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

In the early morning hours of March 31, 1985, the complaining witness entered the Pussycat Lounge in Yonkers, and before long became involved with the codefendant Bonnie Jackson in a dispute over a pen. According to the complaining witness, Jackson at some point produced a knife, and then used it to inflict two stab wounds, one on the surface of his left forearm and the other on the surface of his left thumb.

The complaining witness further testified that after this initial confrontation, he was forcibly ejected onto the street by several men, including the defendant. He testified that both the defendant and Jackson kicked him after he had fallen to the ground outside the lounge. According to his own testimony, the complaining witness was stabbed again during the course of this fighting, once in the neck by Jackson and once on the right side of his forehead by the defendant.

Contrary to the defendant's argument on appeal, the jury was fully justified in concluding, under these circumstances, that the prosecution had proved the defendant's guilt of assault in the second degree beyond a reasonable doubt *(see,* Penal Law § 120.05 [2]; § 20.00). The jury's acquittal of the defendant on two counts of criminal possession of a weapon in the third degree, which were premised on the two knives which he and Jackson used to inflict the injuries noted above, is not inconsistent with its verdict on the charge of assault in the second degree *(see, People v Garcia,* 72 AD2d 356, 361, *affd* 52 NY2d 716; *People v Hudson,* 163 AD2d 418; *see also, People v Jordan,* 175 AD2d 649; *cf., People v Wise,* 157 AD2d 503). We also find that the People disproved the defendant's justification defense beyond a reasonable doubt.

The jury's verdict of guilty on a fourth count of the indictment charging the defendant with criminal possession of a weapon in the third degree must, however, be set aside. The jury found the defendant guilty of this count based on evidence which included proof that at the time of this incident, the defendant was wearing a large ring which was later found by police to be covered in blood. While there is sufficient evidence to sustain the conclusion that this ring was used in such a way as to produce what could be defined as a "physical injury" *(see, People v Tejeda,* 78 NY2d 936), we find that the weight of the evidence does not support either the conclusion that the ring was readily capable of causing serious physical injury under the circumstance in which it was used (Penal Law § 10.00 [10], [13]), or that it in fact caused serious physical injury. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.