OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree that the prosecution failed in its burden to establish that the hearsay statements in issue fell within the "excited utterances” exception, by showing that declarant’s several statements, beginning some time after a stabbing and continuing through Ms hospitalization, were made under the influence of the event and stilled his reflective powers (People v Nieves, 67 NY2d 125, 131).* From declarant’s level of responsiveness, Ms activity and his condition, it could not reasonably be concluded "that the remarks were not made under the impetus of studied reflection.” (People v Edwards, 47 NY2d 493, 497; see also, People v Brooks, 71 NY2d 877; People v Brown, 70 NY2d 513.) In light of this conclusion, we need not and do not consider whether the Appellate Division misapplied the governing legal standards by requiring that the declarant appear to others to have been in a life-threatening situation, by holding responses to police questions to a different standard from other statements made after a startling event, and by considering a recantation made by declarant three months after the stabbing as evidence that declarant had a motive to fabricate Ms statement at the time of the stabbing.

 While consideration of whether this exception applies requires factual determinations — which we have held are to be made in the first instance by the trial court, as opposed to the jury (People v Nieves, 67 NY2d, at 135; People v Edwards, 47 NY2d 493, 497; People v Marks, 6 NY2d 67, 76-77) (see, dissenting opn, at 810-811) — the question whether a given set of facts takes a declarant’s statement outside the exception is one of law which this Court may review (People v Brown, 70 NY2d 513, 520). Indeed, as the reported decisions of this Court indicate, it is a law question which we have frequently addressed.