■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN FURTADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 29, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Two police officers observed the defendant bend down near the back of a car. As one officer approached the defendant, the second one inspected the ground under the car in the area where the defendant had been seen bending. This officer recovered a loaded .22 caliber revolver. There was nothing else on the ground in the area where the gun was recovered.

Based upon the testimony of these two officers, as well as other evidence, the defendant was convicted of criminal possession of a weapon in the third degree. On appeal, he argues that the trial court erred in allowing the officers to testify that, prior to their approaching the defendant, a certain individual had informed them that a man dressed in brown clothing had "just pulled a gun". It was the complaint by this individual which led the officers to approach the defendant.

We agree with the defendant that the out-of-court statement made by this individual, and related during the testimony of the two police officers, did not fall within the "excited utterance" exception to the hearsay rule (see, *People v Brown,* 70 NY2d 513, 519; see also, *People v Norton,* 164 AD2d 343, *affd* 79 NY2d 808). However, there is no reasonable possibility that this error affected the jury's verdict (see, *People v Crimmins,*

36 NY2d 230, 241). The officers' testimony as to the circumstances surrounding their recovery of the .22 caliber revolver supports the jury's verdict as securely as if the officers had testified that they actually saw this weapon in the defendant's hands. Under these circumstances, the error complained of by the defendant is clearly harmless *(People v Crimmins, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.