■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC RUSHING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 23, 1990, convicting him of criminal posses-

sion of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence overwhelmingly establishes, beyond any reasonable doubt, that on April 19, 1990, two police officers observed the defendant throw a heavy black object, roughly the size of a gun, into a garbage can. One officer turned the garbage can over and recovered what later proved to be an operable .25 caliber automatic. Among his several arguments on appeal, the defendant contends that the officer who recovered the handgun had not examined the contents of the garbage can with "careful attention as to each object" and that it is therefore "entirely possible that the object that [he] threw was still in the garbage can after the gun was retrieved".

The defendant argues, in other words, that he was merely a victim of circumstance, unfortunate enough to have thrown what only looked like a gun into a garbage can into which an actual gun had earlier been thrown by some unknown party. We reject this hypothesis of innocence as incredible. The officers' testimony as to the circumstances surrounding their recovery of the gun "supports the jury's verdict as securely as if the officers had testified that they actually saw the weapon in the defendant's hands" *(People v Furtado,* 182 AD2d 637, 638). We reiterate that the evidence of the defendant's guilt is overwhelming and the verdict could not have been affected by the errors complained of by the defendant *(People v Crimmins,* 36 NY2d 230; *People v Furtado, supra).*

We find that the sentence imposed was neither harsh nor excessive. The defendant's contention concerning imposition of a mandatory surcharge is not properly before the Court at this time *(see,* CPL 420.35, 420.10 [1] [a], [b]; *People v Rada,* 160 AD2d 552; *People v Rodney,* 156 AD2d 732). Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.