■ In the Matter of DERRICK McA., a Person Alleged to be a Juvenile Delinquent, Appellant. [642 NYS2d 19] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered July 28, 1995, which adjudicated appellant a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree and attempted assault in the third degree, and placed him with the Division for Youth for up to 18 months with a minimum placement of 6 months, unanimously modified, on the law, to the extent of vacating the finding of second-degree robbery and dismissing that count of the petition, and reducing the placement to 12 months, and otherwise affirmed, without costs.

Viewed in a light most favorable to the presentment agency and giving it the benefit of every reasonable inference, the evidence was legally sufficient to support the finding that appellant committed attempted assault in the third degree (see, People v Delgado, 167 AD2d 181, lv denied 77 NY2d 905) by engaging in conduct tending to effect the commission of an assault as both a principal (see, People v Acosta, 80 NY2d 665, 670) and as an accessory (People v Flayhart, 72 NY2d 737, 741). However, as the presentment agency concedes, the evidence was insufficient to establish second-degree robbery, since the possibility exists that the complainant's property, which was

never seen again after his assault, may simply have been abandoned or otherwise lost during the melee (*People v Williams*, 147 AD2d 515, 516). Accordingly, we reduce respondent's placement to 12 months, the maximum period for an act constituting a misdemeanor, as is attempted assault in the third degree (Family Ct Act § 353.3 [5]; Penal Law §§ 120.00, 110.05 [8]). Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.