■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. KUSSIUS, Appellant. [657 NYS2d 103] —Crew III, J. Appeal from a judgment of the County Court of Saratoga County (Feldstein, J.), rendered April 7, 1995, upon a verdict convicting defendant of the crimes of murder in the second degree and petit larceny.

In December 1994, defendant and Virgil La Chance were charged in an amended indictment with petit larceny and two counts of murder in the second degree regarding the deaths of Fred Beatty and Christine Loya on February 8, 1994 in Saratoga County. La Chance pleaded guilty to two counts of manslaughter in the first degree in satisfaction of the amended indictment and thereafter testified at defendant's trial. Defendant subsequently was convicted of one count of murder in the second degree with respect to Beatty and petit larceny and was sentenced to concurrent terms of imprisonment of 25 years to life and one year in jail. Defendant now appeals.

We find no merit to defendant's contention that the trial evidence was legally insufficient to establish his guilt and that the verdict was against the weight of the evidence. La Chance testified that defendant asked him to help "whack two people" and that a lot of money would be involved. La Chance further testified that he went with defendant to a trailer inhabited by

Beatty and Loya, where he observed defendant stab Beatty in the back several times. According to La Chance, he and defendant then tied up and gagged Loya, whereupon defendant struck her in the back of the head with a sledgehammer. Defendant's friends and cousins, Scott Cook and Chris Cook, both testified that defendant came to Scott Cook's house on February 9, 1994 and told them that he murdered Beatty and Loya. While defendant presented testimony contradicting this evidence and testified that Chris Cook told him that he stabbed Beatty and killed Loya, this merely presented a credibility question, which the jury resolved in the People's favor. Certainly there was a valid line of reasoning and permissible inferences that could have led a rational person to the conclusion reached by the jury, and we are not prepared to say that the fact finders failed to give the trial evidence the weight that it should have been accorded (see, People v Bleakley, 69 NY2d 490, 495).

Defendant further contends that the verdicts convicting him of the murder of Beatty and acquitting him of the murder of Loya are inherently self-contradictory, thereby necessitating a reversal. We disagree. While the two verdicts may appear facially inconsistent, in order to be legally repugnant defendant's acquittal with regard to Loya's death must necessarily negate an essential element of the murder accusation regarding Beatty (see, People v Goodfriend, 64 NY2d 695, 697). Such clearly is not the case. Here, defendant was charged in separate counts of the indictment with separate crimes involving separate and distinct conduct and victims, and the jury was so charged. What defendant would have us do is review the record in an effort to discover the underlying basis of the jury's determination in order to ascertain the logic or illogic of the verdicts rendered, which is precisely what People v Tucker (55 NY2d 1) instructs us not to do.

We also reject defendant's contention that County Court committed reversible error when it refused to order disclosure of a presentence report of Shelley Willsey, one of the People's witnesses, who previously had been convicted of obstructing governmental administration regarding the investigation of the murders in question. Defendant asserted that said report was essential for the purpose of impeaching Willsey at trial in that it would reflect that when initially interviewed by the police, she failed to tell them everything she knew about the murders, lied to the police regarding her account of the night of the murders, gave a sworn statement that was inconsistent with her trial testimony and stated that Scott Cook and Chris

Cook were involved in the murders. Inasmuch as all of those matters were established upon cross-examination of Willsey, County Court's failure to order disclosure cannot be said to have prejudiced defendant, even if such failure may be deemed to have been error. We have examined the remaining contentions of defendant and find them to be equally without merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.