■ The People of the State of New York, Respondent, v Nache Afrika, Appellant. [737 NYS2d 731] —Appeal from a judgment of Monroe County Court (Egan, J.), entered February 18, 2000, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that his conviction of intentional assault is repugnant to his acquittal of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). That contention is not preserved for our review (*see, People v Alfaro,* 66 NY2d 985, 987; *People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674) and in any event lacks merit. As long as the "court's charge did not preclude the jury from concluding that defendant initially possessed the loaded pistol without intending to use it unlawfully against another, but decided to fire the gun at complainant as events unfolded," a verdict finding defendant guilty of intentional assault but not guilty of possession with unlawful intent is not repugnant (*People v Brewer,* 186 AD2d 88, 88, *lv denied* 81 NY2d 785; *see, People v Fuller,* 200 AD2d 498, *lv denied* 83 NY2d 871; *see also, People v Anthony,* 273 AD2d 246; *People v Holloway,* 253 AD2d 767, 768, *lv denied* 92 NY2d 1033; *People v Smith,* 235 AD2d 558, 559, *lv denied* 89 NY2d 1041). Here, "[t]he court's charge, to which defendant had no objection, defined each charge separately and required that the jury consider them separately" (*People v Jordan,* 175 AD2d 649, 650, *lv denied* 78 NY2d 1128).

We have considered the claims of ineffective assistance of counsel raised in the pro se supplemental brief and conclude that they are without merit. Present—Wisner, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.