■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SMITH, Appellant. [785 NYS2d 176]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 22, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On April 2, 2001, detectives Scott Gavigan and John Pologa of the Albany Police Department set up a controlled buy of cocaine from defendant through a confidential informant. This sale resulted in a one-count indictment charging defendant with the crime of criminal sale of a controlled substance in the third

degree. Following a jury trial, defendant was convicted and sentenced, as a second felony offender, to a term of 6 to 12 years of imprisonment. He appeals and we affirm.

Viewing the evidence in a light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), giving it the benefit of every reasonable inference, we conclude that the evidence was legally sufficient to establish defendant's guilt. We are further satisfied, upon the exercise of our factual review power, that the jury's verdict was not against the weight of the evidence.

In assessing "whether the prosecution has prove[n] a prima facie case" (*People v Luck,* 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]), we find the evidence to have sufficiently established that defendant knowingly and unlawfully sold a narcotic drug (*see* Penal Law § 220.39 [1]). Testimony established that while the confidential informant was at the police station, he called defendant's pager and left a message indicating that he sought to purchase $100 worth of cocaine. Shortly thereafter, defendant returned the call and a meeting was arranged. Detectives searched the confidential informant, fitted him with a body wire and then escorted him to the agreed-upon location, providing him with $100 in prerecorded buy money. Aware of the license plate and type of vehicle that defendant would be driving, detectives, situated in an unmarked minivan, observed defendant's arrival and his eye contact with the confidential informant. Both the confidential informant and defendant entered a building and remained there for less than 20 seconds; the body wire malfunctioned and no record of the buy was recorded. The confidential informant thereafter exited, reentered the detectives' minivan and gave Gavigan a quantity of what later proved to be cocaine. It is from this evidence that we find every element of the crime charged to be sufficiently established.

Next, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley,* 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62 [1943]) because a contrary result would not have been unreasonable, we conclude that the jury's verdict was not against the weight of the evidence. We recognize inconsistencies in the proof concerning the extent to which the confidential informant was searched prior to the purchase and the location of the surveillance van yet, according deference to the credibility determinations made by the jury (*see People v Bleakley, supra* at 495; *People v Curry,* 294 AD2d 608, 609

[2002], *lv denied* 98 NY2d 674 [2002]), we find no reason to disturb its verdict.

We also find no error in the admissibility of the confidential informant's testimony concerning his reluctance to testify. Contrary to defendant's contentions, such testimony did not imply that he threatened either the confidential informant or his family (*compare People v Facciolo,* 288 AD2d 392 [2001]; *People v Wilson,* 195 AD2d 493 [1993]; *People v Norton,* 164 AD2d 343 [1990], *affd* 79 NY2d 808 [1991]). For these reasons, no curative instruction was required.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.