■ The People of the State of New York, Respondent, v John Jennings, Appellant. [798 NYS2d 597]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 5, 2003, upon a verdict convicting defendant of the crimes of assault in the second degree and endangering the welfare of a child.

Following a jury trial, defendant was convicted of assault in the second degree and endangering the welfare of his four-month-old son. He was sentenced to an aggregate prison term of seven years, with three years of postrelease supervision. On his appeal, defendant contends primarily that his conviction of assault in the second degree is not supported by legally sufficient evidence because the circumstantial evidence presented by the People failed to establish that the victim sustained a physical injury and that he was the cause of such an injury. We disagree.

The standard we apply for reviewing the legal sufficiency of the evidence is whether, " ' "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" ' " (*People v Ficarrota*, 91 NY2d 244, 248 [1997], quoting *People v Contes*, 60 NY2d 620, 621 [1983], quoting *Jackson v Virginia*, 443 US 307, 319 [1979]; *People v Acosta*, 80 NY2d 665, 672 [1993]). This is so "even when, as here, the evidence introduced against the defendant is circumstantial" (*People v Ficarrota, supra* at 249).

After the victim was left alone in defendant's care on the evening of July 13, 2001, he was observed to have swelling and significant bruising on his face, ribs, back and neck which his mother had not seen when she left the victim with defendant. The physician who treated the victim on July 16, 2001 testified that, in addition to the visible bruising and swelling, he had multiple anterior and posterior rib fractures on both sides of his

rib cage in various stages of healing, together with a nondisplaced fracture of the right humerus that had occurred within the week, all of which were indicative of a pattern of abuse. The physician also testified that in her professional opinion, the victim's most recent injuries caused him substantial pain. Further, the physician's testimony regarding the nature of the injuries supported a reasonable inference that they were intentionally inflicted by defendant, rather than accidentally sustained as defendant had claimed. This evidence was sufficient for the jury to find defendant guilty beyond a reasonable doubt of the crime of assault in the second degree (*see* Penal Law § 120.05 [9]; *People v Tompkins*, 8 AD3d 901, 902-903 [2004]; *People v Santos*, 289 AD2d 68, 68-69 [2001], *lv denied* 98 NY2d 640 [2002]; *People v Le Blanc*, 199 AD2d 584, 585-586 [1993], *lv denied* 82 NY2d 926 [1994]). Further, we find that the jury's verdict is not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, although the sentence was the maximum permissible (*see* Penal Law §§ 70.02, 70.15) and defendant had no prior felony convictions, County Court did not abuse its sentencing discretion in view of the victim's age, defendant's history of violent behavior and his failure to take responsibility for the victim's injuries (*see People v Wormuth*, 3 AD3d 596, 597 [2004]). Nor are we able to discern any extraordinary circumstances warranting modification of the sentence in the interest of justice (*see* CPL 470.15 [6] [b]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.