◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND C. COLE, JR., Appellant. [826 NYS2d 473]—

Mugglin, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered June 30, 2005, upon a verdict convicting defendant of the crimes of assault in the third degree and menacing in the second degree.

According to the victim, she and defendant had been engaged in a long-term on-again/off-again romantic relationship when, on September 24, 2004, in the course of a dispute, defendant picked her up and threw her to the sidewalk, fracturing one of her ribs. She then claimed that defendant dragged her to his apartment where, after screwing shut the front door, he—between intermittent calm periods—attacked her, once fracturing her hand by kicking it and once holding a knife to her throat

while threatening to slit it. The victim claims that defendant eventually fell asleep on the floor and she escaped by climbing out the bathroom window and descending the fire escape. Defendant was indicted for kidnapping in the second degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the third degree, assault in the third degree and menacing in the second degree. A jury acquitted defendant of the three felony charges and convicted him of the misdemeanors, i.e., assault in the third degree and menacing in the second degree. Sentenced to consecutive one-year terms in the Cortland County Jail, defendant appeals arguing that the evidence was legally insufficient, the verdict was against the weight of the evidence, the conviction for menacing in the second degree is repugnant to the acquittal of criminal possession of a weapon in the third degree, he received ineffectiveness of counsel and the sentence was harsh and excessive.

Defendant's motion at trial for dismissal based on legal insufficiency was premised on a claimed lack of credibility of the victim and a lack of proof of causation of the injuries. As he made no other specific claim of error or omission, his additional appellate arguments addressed to the sufficiency of the evidence are unpreserved (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant's claim that the verdict is against the weight of the evidence is also premised on his argument that the victim lacked credibility. By the application of now well-settled principles (*see People v Bleakley*, 69 NY2d 490, 494-495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Khuong Dinh Pham*, 31 AD3d 962, 962 [2006]), we find no merit to either of these arguments. In light of the testimony of the other prosecution witnesses and the irrefutable extent of the victim's injuries, there is no reason to disturb the jury's credibility determinations in favoring the victim's version of the facts. As the jury found the victim to be more credible than defendant, her testimony alone is sufficient to support the conclusion that defendant's conduct did, in fact, cause her injuries (*see People v Blair*, 32 AD3d 613, 614 [2006]; *People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]).

Next, however, we find merit to defendant's argument that his conviction for menacing in the second degree is inconsistent with and repugnant to his acquittal of criminal possession of a weapon in the third degree. "[A] conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (*People v Tucker*, 55 NY2d 1, 7 [1981]). Here, as charged, the

jury was told that, to find defendant guilty of criminal posses-
sion of a weapon in the third degree, there must be proof, among
other things, that he possessed a dangerous knife or other
dangerous instrument. Also, as charged, the jury was told that,
to convict defendant of menacing in the second degree, defen-
dant must display a dangerous instrument. On this record, the
only dangerous instrument that defendant could reasonably
have been found to display was the knife. Conviction for having
menaced the victim by displaying a knife that the jury found de-
fendant did not possess cannot be affirmed.

Defendant's claim of ineffective assistance of counsel centers
on counsel's representation at the *Sandoval* hearing. While it is
apparent that counsel was unprepared to deal with the *Sandoval*
issues, under the totality of the circumstances here, we find
that defendant was afforded meaningful representation (*see
People v Henry*, 95 NY2d 563, 565 [2000]). First, there is no
showing that opposition to the People's use of three of defen-
dant's many prior convictions would have been successful (*see
People v Williams*, 56 NY2d 236, 238-239 [1982]; *People v Lynch*,
209 AD2d 827, 827 [1994], *lv denied* 84 NY2d 1034 [1995]).
Second, defense counsel pursued a reasonable trial strategy,
vigorously cross-examined prosecution witnesses and delivered
an effective summation (*see People v Sieber*, 26 AD3d 535, 536
[2006], *lv denied* 6 NY3d 853 [2006]). Moreover, defendant's
acquittal of the three felony counts in the indictment demon-
strates the effectiveness of counsel's representation.

Lastly, as we are informed that defendant has completed serv-
ing his sentences, the issue of whether they were harsh and
excessive is moot (*see People v Mathison*, 175 AD2d 966, 967
[1991]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered
that the judgment is modified, on the law, by reversing
defendant's conviction of menacing in the second degree under
count 5 of the indictment; said count dismissed; and, as so mod-
ified, affirmed.