■ In the Matter of NIAZIA F., a Person Alleged to be a Juvenile Delinquent, Appellant. [836 NYS2d 30]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about April 20, 2006, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the third degree,

criminal possession of stolen property in the fifth degree, attempted assault in the third degree and menacing in the third degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously modified, on the law and the facts, to the extent of vacating the findings as to robbery in the third degree and menacing in the third degree, dismissing those counts of the petition and reducing the period of placement to 12 months, and otherwise affirmed, without costs.

The victim was walking with his girlfriend when appellant, with whom he was acquainted, confronted the victim and told him he had "five seconds" or he would punch him in the mouth. The victim walked across the street with his girlfriend, and at some point took out his cell phone. Moments later, appellant followed the victim across the street and hit him. Appellant and the victim exchanged blows for a few minutes. As they fought, appellant struck the arm in which the victim was still holding his cell phone, thereby knocking it to the ground. When the altercation ended, appellant picked up the cell phone and left.

The court's finding with respect to robbery was based on legally insufficient evidence, and was also against the weight of the evidence. While the evidence clearly established that appellant stole the victim's cell phone, the evidence did not show that appellant used force in the taking or retention of it. Rather, the evidence tends to show that the taking of the cell phone was an afterthought after the physical altercation had already ended, which would not constitute robbery (*see People v Lopez*, 58 AD2d 516 [1977]). When appellant hit the victim on the hand that was holding the phone, this was simply part of the fight, in which both participants were using their fists. There is no basis upon which to infer that appellant's objective was to dislodge the phone in order to acquire it. Furthermore, the circumstances did not support an inference that robbery was the motive for the attack (*compare Matter of Merriel B.*, 9 AD3d 256 [2004]).

As the presentment agency concedes, the menacing count of the petition was defective (*see Matter of Akheem B.*, 308 AD2d 402 [2003], *lv denied* 1 NY3d 506 [2004]). Since the remaining findings are for misdemeanor-level offenses, we modify the dispositional order accordingly (*see* Family Ct Act § 353.3 [5]; *Matter of Derrick McA.*, 227 AD2d 168 [1996]). Concur—Saxe, J.P., Sullivan, Nardelli, Gonzalez and Kavanagh, JJ.