■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JOHNSON, Appellant. [836 NYS2d 330]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered August 4, 2005 in Albany County, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal trespass in the second degree.

During the early morning hours of January 2, 2005, defendant persuaded one of his young children to unlock the door and let him enter the apartment where the victim, his estranged wife, was sleeping. He proceeded to the victim's bedroom where he argued with her and then allegedly struck her with a hammer. He was indicted for burglary in the first degree, attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree and endangering the welfare of the child. Defendant, who testified at trial, acknowledged punching the victim in the face with his fist, but maintained that he did not strike her with a hammer. The count charging endangering the welfare of the child was dismissed upon defendant's motion at trial. The remaining counts, including two lesser included offenses (i.e., criminal trespass in the second degree for the burglary charge and assault in the third degree for the assault in the second degree charge) were submitted to the jury. Defendant was found guilty of criminal trespass in the second degree and assault in the second degree, but was acquitted of the other crimes. He was sentenced as a predicate felon to a prison term of seven years plus five years of postrelease supervision on the assault conviction, and a concurrent one-year term for criminal trespass. Defendant appeals.

We turn first to defendant's arguments that his conviction for assault in the second degree was not supported by legally sufficient evidence and was against the weight of the evidence. Specifically, he argues that the evidence was inadequate to show that he used a hammer during the assault. Legally sufficient evidence exists when, viewed in the light most favorable to the People, the evidence in the record " 'could lead a rational trier of fact to find the elements of the crime to have been proven beyond a reasonable doubt' " (*People v Thomas*, 12 AD3d 935, 936 [2004], *lv denied* 4 NY3d 749 [2004], quoting *People v Wong*, 81 NY2d 600, 608 [1993]; *see People v Jennings*, 20 AD3d 777, 777 [2005], *lv denied* 5 NY3d 829 [2005]; *People v Lopez*, 9 AD3d

692, 694 [2004]). Here, the victim testified that she saw defendant with a hammer in his hand and that he raised it over his head as he approached her. She related that, at this point, she must have passed out and had no further recall of the assault. Police, who arrived shortly after the incident, found a hammer between the bed and the wall in the victim's bedroom. Her injuries included bruises with a rounded shape that her doctor indicated were consistent with the shape of the head of the hammer found in her room. Even defendant's expert acknowledged that some of the victim's injuries were consistent with multiple hammer blows as well as multiple punches by a fist. The victim's DNA was found on the head of the hammer. The evidence presented at trial was legally sufficient to support the conviction.

There was also evidence which could have reasonably led to a different finding by the jury, including defendant's testimony, the absence of severe dislocations or fractures, and the fact that the victim suffers from a skin disease (sarcoidosis) which can cause the skin to raise slightly and appear purplish. Where, as here, we are presented with a weight of the evidence argument and a "different finding would not have been unreasonable, then [we must] weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005] [internal quotation marks and citations omitted]; *see People v Grier*, 1 AD3d 703, 704 [2003], *lv denied* 1 NY3d 572 [2003]). Clearly, there were difficult credibility determinations to be sorted out. While the victim's injuries may not have been as severe as could have been anticipated from strikes by a hammer, there was credible evidence supporting the conclusion that such instrument caused some of her injuries. As for her skin disease, there was medical testimony that the marks on her following the attack were not indicative of the disease and that those injuries were most likely the result of blunt force trauma. After weighing and considering the evidence, and according deference to the jury's credibility determinations (*see People v Thomas*, 21 AD3d 643, 645 [2005], *lv denied* 6 NY3d 759 [2005]; *People v Smith*, 12 AD3d 946, 947-948 [2004], *lv denied* 4 NY3d 768 [2005]), we are not persuaded that the verdict was against the weight of the evidence.

Defendant's argument that his conviction of assault in the second degree is inconsistent with his acquittal of criminal possession of a weapon in the third degree was not preserved for review (*see People v Satloff*, 56 NY2d 745, 746 [1982]; *People v*

*Carter*, 21 AD3d 1295, 1296 [2005], *affd* 7 NY3d 875 [2006]; *People v Young [Hoe] [Naheem]*, 296 AD2d 588, 589-590 [2002], *lvs denied* 99 NY2d 536, 538, 541 [2002]; *People v Afrika*, 291 AD2d 880, 881 [2002], *lv denied* 98 NY2d 648 [2002]; *cf. People v Alfaro*, 66 NY2d 985, 987 [1985]), and we decline to exercise our discretionary interest of justice authority (*see People v Moses*, 36 AD3d 720, 720-721 [2007]; *People v Pegues*, 176 AD2d 970, 971 [1991], *lv denied* 81 NY2d 975 [1993]; *People v Jordan*, 175 AD2d 649, 650 [1991], *lv denied* 78 NY2d 1128 [1991]; *People v Hudson*, 163 AD2d 418, 419 [1990]; *cf. People v Cole*, 35 AD3d 911, 912-913 [2006]). We find unavailing the contention that a potential violation of double jeopardy is implicated by the recognized method for preserving the issue regarding an inconsistent or repugnant verdict (i.e., objecting before the jury is discharged at a time when the error could have been corrected) (*see People v Salemmo*, 38 NY2d 357, 361-362 [1976]).

Defendant's counsel, who obtained an acquittal on several charges (including the most serious one) and actively participated in all aspects of the criminal proceeding, rendered meaningful representation and, accordingly, defendant's claim that he did not receive the effective assistance of counsel must fail (*see People v Cole, supra* at 913; *People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]; *People v Douglas*, 296 AD2d 656, 657-658 [2002], *lv denied* 99 NY2d 535 [2002]). The remaining arguments have been considered and found without merit.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.