■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMUEL L. LEWIS, Appellant. [846 NYS2d 766]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 8, 2007, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree and endangering the welfare of a child.

After stabbing Carlos Sanchez and Kenneth Hawkins with a gravity knife at a day-care center, defendant was charged with two counts of attempted assault in the first degree, two counts of assault in the second degree, two counts of criminal possession of a weapon in the third degree and endangering the welfare of a child. A jury found him guilty of one count of attempted assault in the first degree and one count of assault in the second degree, both as to Sanchez, one count of criminal possession of a weapon in the third degree for his possession of the gravity knife and endangering the welfare of a child. He was acquitted of the assault counts as to Hawkins.

Defendant now appeals, contending that the evidence was legally insufficient to disprove his justification defense and support his convictions. We disagree. The evidence at trial established that defendant accosted and threatened Peggy Goodall, Hawkins' mother-in-law, outside the day-care center when she arrived to pick up Hawkins' children. Too intimidated to go inside after defendant entered the center, Goodall telephoned Hawkins to come for his children. Upon arrival, Hawkins and Sanchez, his cousin, spoke with Goodall and then entered the center. Once inside, Hawkins looked through a hallway window into an office, saw defendant seated there with two center employees and, although Hawkins and defendant did

not know each other, Hawkins approached the office door. Noticing Hawkins outside the door, one of the employees asked defendant if the man outside was waiting for him. In response, defendant got up from his chair, pulled out a knife, opened the door and confronted Hawkins in the hallway. Upon seeing the knife in defendant's hand, Sanchez warned Hawkins and then wrestled defendant to the floor where they struggled while defendant repeatedly stabbed Sanchez in the thigh and knee with the knife.

Despite defendant's claim that he was not the initial aggressor and responded only to protect himself, there is no evidence that either Hawkins or Sanchez had a weapon or otherwise used or threatened to use deadly physical force (see Penal Law § 35.15). Also, numerous witnesses confirmed the testimony of Hawkins and Sanchez describing defendant's spontaneous reaction in pulling out a knife and confronting Hawkins. Viewing this evidence in the light most favorable to the People, the jury could conclude that defendant did not reasonably believe that he was being threatened with deadly physical force and, therefore, his use of deadly physical force against Sanchez was not justified (see People v Brooks, 32 AD3d 616, 617 [2006], lv denied 8 NY3d 844 [2007]; People v Gilliam, 300 AD2d 701, 702-703 [2002], lv denied 99 NY2d 628 [2003]).

The evidence is also legally sufficient to support defendant's assault convictions because there can be no genuine dispute that the knife he used was a deadly weapon (see Penal Law § 10.00 [12], [13]; People v Mothon, 284 AD2d 568, 569 [2001], lv denied 96 NY2d 865 [2001]). Also, his intent to cause physical injury as to the charge of assault in the second degree (see Penal Law § 120.05 [2]) and to cause serious physical injury as to the charge of attempted assault in the first degree (see Penal Law §§ 110.00, 120.10 [1]) may be inferred from the way he used the knife and the severity of Sanchez's injuries (see People v Terk, 24 AD3d 1038, 1039 [2005]; People v Stoby, 4 AD3d 766, 766-767 [2004], lv denied 2 NY3d 807 [2004]).

Similarly, defendant's convictions for criminal possession of a weapon in the third degree and endangering the welfare of a child are supported by testimony regarding the knife and the proximity of children when the assaults occurred. An expert testified that defendant's knife could be operated as a gravity knife as defined in Penal Law § 265.00 (5) (see Penal Law § 265.01 [1]; § 265.02 [1]; People v Berrier, 223 AD2d 456, 457 [1996], lv denied 88 NY2d 876 [1996]). Also, since eyewitness testimony confirmed that blood spurted onto the classroom windows through which children at the center were observing

the violent events in the hallway, knowledge of the potential for physical or emotional harm to children could reasonably be imputed to defendant in support of his conviction of endangering the welfare of a child (*see* Penal Law § 260.10 [1]; *People v Hitchcock*, 98 NY2d 586, 590-591 [2002]; *People v Johnson*, 95 NY2d 368, 371-372 [2000]). In light of this testimony, we further find that defendant's convictions were not against the weight of the evidence.

Defendant next contends that he was denied the right to a fair trial and deprived of due process as a result of the prosecutor's repeated references to him as a "black" male, allegedly for the sole purpose of classifying him by his race. This issue is unpreserved, however, because defendant failed to object to any of the allegedly prejudicial remarks (*see People v Williams*, 305 AD2d 703, 703 [2003], *lv denied* 100 NY2d 600 [2003]). Were we to consider it, we would find that most of the prosecutor's references were made to clarify a witness's in-court identification of defendant or occurred when eyewitnesses were describing their observations of an as yet unidentified "black" person. Also, defendant had argued to the jury in support of his justification defense that he thought Hawkins was there to punish him for his earlier insults to Goodall. Since Hawkins, who was previously unknown to defendant, was not white, but black, the prosecutor's reference during summation to defendant as "the black man" and to Goodall as "the white lady" was fair comment in explaining why this defense theory was false (*see People v Grady*, 40 AD3d 1368, 1374-1375 [2007]; *People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]). While it surely would have been preferable for the prosecutor to distinguish defendant from the others sitting at the defense table during trial without reference to skin color, we find that none of the references had "the effect of interjecting improper racial considerations or promoting racial prejudice against defendant" (*People v Woods*, 278 AD2d 176, 176 [2000], *lv denied* 96 NY2d 764 [2001]; *see People v Dominguez*, 275 AD2d 468, 469 [2000], *lv denied* 95 NY2d 962 [2000]; *People v Ali*, 158 AD2d 460, 460 [1990], *lv denied* 76 NY2d 784 [1990]; *compare People v Alexander*, 94 NY2d 382 [1999]).

Defendant also contends that the verdicts convicting him of the crimes of attempted assault in the first degree and assault in the second degree against Sanchez, but acquitting him of the same crimes against Hawkins, are inconsistent. However, in addition to being unpreserved (*see People v Alfaro*, 66 NY2d 985, 987 [1985]), this contention is without merit. Defendant was charged with separate conduct against separate victims (*see e.g.*

*People v Rayam*, 94 NY2d 557, 561 [2000]; *People v Murray*, 244 AD2d 362, 362 [1997], *lv denied* 91 NY2d 895 [1998]; *People v Kussius*, 238 AD2d 731, 732 [1997], *lv denied* 90 NY2d 941 [1997]). As a result, his acquittal of the alleged crimes against Hawkins did not necessarily negate any of the elements of the crimes against Sanchez (*see* CPL 300.30 [5]).

Nor is there merit in defendant's contention that the charge of attempted assault in the first degree is dismissible as an inclusory concurrent count of assault in the second degree. In addition to being unpreserved, this argument mistakenly assumes that the attempted assault charge was the lesser crime. Attempted assault in the first degree is a class C felony (*see* Penal Law §§ 110.05, 120.10 [1]) while assault in the second degree is a class D felony (*see* Penal Law § 120.05 [2]). The greater charge could not have been an inclusory concurrent count of the lesser one (*see* CPL 300.30 [4]). Nor would the converse contention be viable, since the greater crime was an attempt and it surely is possible to attempt to commit an assault in the first degree without causing the physical injury necessary for assault in the second degree (*see generally People v Alvarez*, 38 AD3d 930, 934 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Thomson*, 13 AD3d 805, 807 [2004], *lv denied* 4 NY3d 836 [2005]).

Defendant's argument that he was deprived of the right to the effective assistance of counsel is also unavailing. The record reveals that defendant's counsel made appropriate objections throughout the trial, vigorously cross-examined the People's witnesses, called a witness in an attempt to discredit a portion of Goodall's testimony, made effective opening and closing statements, and obtained an advantageous ruling as to the use of defendant's prior conviction. In addition, counsel succeeded in obtaining an acquittal on the charges of assault as to Hawkins (*see People v Johnson*, 40 AD3d 1270, 1273 [2007], *lv denied* 9 NY3d 877 [2007]; *People v Cole*, 35 AD3d 911, 913 [2006], *lv denied* 8 NY3d 944 [2007]; *People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]).

We have considered defendant's remaining arguments and find them to be without merit.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.