People v Garay (2018 NY Slip Op 01117)





People v Garay


2018 NY Slip Op 01117


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5494 447/09

[*1]The People of the State of New York, Respondent,
v
Geraldo Garay, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at speedy trial motion; Laura A. Ward, J. at jury trial and sentencing), rendered March 31, 2011, convicting defendant of gang assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of 7 years, unanimously modified, on the law, to the extent of reducing the gang assault conviction to attempted gang assault in the first degree, and remanding the matter for resentencing on both convictions.
The evidence was legally insufficient to establish that the injuries sustained by the victim constituted serious physical injury (see Penal Law § 10.00[10]), an element of gang assault in the first degree (see People v Rosado, 88 AD3d 454 [1st Dept 2011], lv denied 18 NY3d 928 [2012]). Although there was testimony that the victim still had some physical effects of the assault at the time of trial, the evidence on this was limited and, in any event, the record before the jury did not show that the injury was such that a reasonable observer would find the victim's appearance distressing or objectionable (see People v McKinnon, 15 NY3d 311, 316 [2010]). It is also undisputed that the victim's injuries did not impair his general health (see Rosado, 88 AD3d at 454). We find that the most appropriate remedy is a reduction to the lesser included offense of attempted gang assault in the first degree pursuant to CPL 470.15(2)(a), with a remand for resentencing on both convictions (see People v Tucker, 91 AD3d 1030, 1032 [3d Dept 2012], lv denied 19 NY3d 1002 [2012]; People v Delgado, 167 AD2d 181, 182 [1st Dept 1990], lv denied 77 NY2d 905 [1991]).
Defendant's only preserved argument concerning the denial of his speedy trial motion is that the court improperly applied the rule of People v Green (90 AD2d 705 [1st Dept 1982], lv denied 58 NY2d 784 [1982]) to an adjournment granted after the court had denied a prior CPL 30.30 motion by one of the two codefendants. However, we find that the reasonable 20-day adjournment following the decision on that motion was excludable under the circumstances (see People v Ali, 195 AD2d 368, 369 [1st Dept 1993], lv denied 82 NY2d 804 [1993]). Defendant failed to preserve his remaining speedy trial arguments. In particular, a statement in his motion that he "reserves" an argument never actually made had no preservation effect (see People v Bierenbaum, 301 AD2d 119, 152 [2002], lv denied 99 NY2d 626 [2003], cert denied 540 US 821 [2003]), and the argument in question was, in any event, materially different from those raised on appeal. We decline to review defendant's unpreserved claims in the interest of justice. As an alternative holding, we reject them on the merits (see People v Brown, 28 NY3d 392, 405 [2016]; People v Davis, 80 AD3d 494, 494-495 [1st Dept 2011]).
To the extent the record permits review, we find that defense counsel was not ineffective under the state or federal standards for failing to challenge, as repugnant, the verdict convicting defendant as noted but acquitting him of first-degree assault under Penal Law § 120.10(1). Such a challenge would have had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [*2][2005] [internal quotation marks omitted]). We decline to review defendant's unpreserved repugnancy claim in the interest of justice. As an alternative holding, we reject it on the merits. Under the court's charge, the jury could theoretically have made consistent findings supporting the combination of verdicts it reached, regardless of whether there was any evidentiary basis for those findings (see People v Muhammad, 17 NY3d 532, 539 [2011]; People v Tucker, 55 NY2d 1, 6-7 [1981]).
Since we are remanding for a plenary resentencing, we do not reach defendant's excessive sentence claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK