People v Arhin (2018 NY Slip Op 07199)





People v Arhin


2018 NY Slip Op 07199


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

108533

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROGER ARHIN, Appellant.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Dominic J. Cornelius, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (Trevor O. Flike of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered May 18, 2016, upon a verdict convicting defendant of the crime of attempted identity theft in the first degree.
On September 2, 2014, defendant went to a UPS facility, presented himself as the victim and picked up a package. On September 4, 2014, defendant returned to the UPS facility to pick up other packages and, even though the packages were supposed to be held at the UPS facility, one was erroneously delivered to the victim's residence. Defendant was charged by indictment with identity theft in the first degree in connection with the September 2, 2014 incident and attempted identity theft in the first degree in connection with the September 4, 2014 incident. Following a jury trial, defendant was acquitted of identity theft in the first degree but convicted of attempted identity theft in the first degree. At sentencing, defendant orally moved under CPL article 330 to set aside the verdict as repugnant. County Court denied the motion and sentenced defendant to a prison term of 1 to 3 years. Defendant appeals, and we affirm.
Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence because the People did not establish that he assumed the identity of another person (see Penal Law § 190.80). "A verdict is legally insufficient when, viewing the record in the light most favorable to the prosecution, there is no valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Byrd, 152 AD3d 984, 986 [2017] [internal quotation marks, brackets and citations omitted]; see People v Anatriello, 161 AD3d 1383, 1384-1385 [2018], lv denied 31 NY3d 1144 [2018]). As to the weight of the evidence, because a contrary result would not have been unreasonable, our task is to "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v [*2]McCauley, 162 AD3d 1307, 1307-1308 [2018], lv denied 32 NY3d 939 [2018]; People v Norman, 154 AD3d 1185, 1187 [2017], lv denied 31 NY3d 986 [2018]).
At trial, the People adduced evidence that, on September 2, 2014, defendant went to a UPS facility, presented himself as the victim to a UPS employee, retrieved a package and signed for it in the victim's name. The UPS employee testified that defendant returned on September 4, 2014 and that he believed that defendant was the victim based upon what defendant had told him two days earlier. On that day, defendant presented the UPS employee with a paper that had a UPS logo on it and the tracking information for packages to be retrieved at the UPS facility. According to the UPS employee, defendant also showed him an email confirmation from the seller that had the victim's name on it. The victim testified that he did not authorize defendant to pick up any items on his behalf or use his name for any purpose. The victim further testified that he did not purchase any items from the seller in August or September 2014.
Viewing this evidence in the light most favorable to the People, we find that a valid line of reasoning and permissible inferences exist from which a rational jury could conclude beyond a reasonable doubt that defendant assumed the identity of the victim (see People v Roberts, 31 NY3d 406, 417-418 [2018]; People v Eckerd, 161 AD3d 1508, 1509 [2018], lv denied 31 NY3d 1116 [2018]; see generally People v Contes, 60 NY2d 620, 621 [1983]). Nor can we say that, upon viewing the evidence in a neutral light, the verdict was against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant testified to a different account of the incident, the jury was entitled to reject his version (see People v Wright, 160 AD3d 1110, 1112 [2018], lv denied 31 NY3d 1154 [2018]; People v Luciano, 152 AD3d 989, 993-994 [2017], lv denied 30 NY3d 1020 [2017]; People v Cooley, 149 AD3d 1268, 1269 [2017], lv denied 30 NY3d 979 [2017]). Furthermore, to the extent that defendant questions the credibility of the UPS employee, we defer to the jury's assessment of credibility (see People v Hartle, 159 AD3d 1149, 1153 [2018], lv denied 31 NY3d 1082 [2018]; People v Place, 152 AD3d 976, 979 [2017], lv denied 30 NY3d 1063 [2017]).
Finally, contrary to defendant's assertion, the verdict acquitting him of identity theft in the first degree but convicting him of attempted identity theft in the first degree was not repugnant given that the two charges stemmed from two separate incidents (see People v St. Pierre, 141 AD3d 958, 962 [2016], lv denied 28 NY3d 1031 [2016]; People v Kussius, 238 AD2d 731, 732 [1997], lv denied 90 NY2d 941 [1997]). For this reason, County Court properly denied defendant's motion to set aside the verdict. Defendant's argument that County Court erred in failing to instruct the jury to avoid irrational verdicts is unpreserved for our review given that defendant did not request such charge at trial or object to the charge as given (see People v Fauntleroy, 108 AD3d 885, 887 [2013], lv denied 21 NY3d 1073 [2013]). Defendant's remaining contentions, to the extent not specifically discussed herein, have been examined and lack merit.
Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.