People v Kenyatta (2025 NY Slip Op 03977)

People v Kenyatta

2025 NY Slip Op 03977

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Ind. No. 1192/21|Appeal No. 4661|Case No. 2022-03375|

[*1]The People of the State of New York, Respondent,
v
Charles Kenyatta, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Will A. Page of counsel), and Lankler Siffert & Wohl LLP, New York (Brandon G. Davis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J., on omnibus motion; Curtis Farber, J., at trial and sentencing), rendered June 29, 2022, convicting defendant of attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The totality of the evidence, including the surveillance video footage depicting the incident, expert medical testimony, and the distinctive jewelry recovered from defendant, established that defendant shot the victim, intending to cause him serious physical injury (see Penal Law §§ 110, 120.10[1]; People v Tatis, 170 AD3d 45, 50-51 [1st Dept 2019], lv denied 33 NY3d 981 [2019]).
Defendant did not preserve any claims regarding an investigating officer's absence from the trial or the lead detective's allegedly false testimony describing that officer's involvement, and we decline to review them in the interest of justice (see People v Smith, 248 AD2d 148 [1st Dept 1998]). In the alternative, we find that the People were not obligated to call the officer who first recognized defendant on the surveillance video footage (see People v Andre W., 44 NY2d 179, 184 [1978]; People v Stridiron, 33 NY2d 287, 292 [1973]). The lead detective's statement characterizing the officer as assisting in the investigation by retrieving relevant surveillance video was consistent with the record, and the People were not required to correct this testimony (see People v Fisher, 244 AD2d 191, 191 [1st Dept 1997], lv denied 91 NY2d 891 [1998]).
Defendant failed to preserve all but one of his arguments that the prosecutor made improper remarks in summation, and we decline to review the unpreserved claims in the interest of justice (see People v Romero, 7 NY3d 911, 912 [2006]; People v Heide, 84 NY2d 943, 944 [1994]). As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-19 [1st Dept 1992]). In response to defense counsel's arguments regarding the victim's refusal to cooperate and the lack of eyewitnesses, the prosecutor permissibly argued that the brazen and violent nature of the offense, as depicted on the surveillance video, was likely to deter witnesses from coming forward (see People v Henderson, 13 NY3d 844, 847 [2009]; People v Gonzalez, 298 AD2d 133, 133-134 [1st Dept 2002], lv denied 99 NY2d 614 [2003]).
The integrity of the grand jury proceedings was not impaired by any failure to present evidence of the victim's statement at the hospital that he argued with a man named "Tommy" before the shooting (see CPL 210.35[5]; People v Darby, 75 NY2d 449, 455 [1990]). Hearsay statements [*2]are inadmissible in grand jury proceedings (see People v Mitchell, 82 NY2d 509, 513 [1993]), and the statement does not identify "Tommy" or anyone else as the assailant, so "[t]he omitted remarks were insignificant and had little or no exculpatory value" (People v Bishop, 1 AD3d 112 [1st Dept 2003], lv denied 1 NY3d 568 [2003]).
The court providently exercised its discretion by submitting the noninclusory concurrent counts of attempted assault in the first degree and assault in the second degree (see CPL 300.40[3][a], [b]). The guilty verdict on the attempted first-degree assault count does not require dismissal of the completed second-degree assault count, as the crime of attempted first-degree assault does not require any proof of physical injury to the victim; thus second-degree assault is not a lesser included offense of attempted first-degree assault (see CPL 300.40[3][b]; People v Grier, 37 NY2d 847, 848 [1975]; People v Delgado, 167 AD2d 181, 182 [1st Dept 1990], lv denied 77 NY2d 905 [1991]; see also People v Lewis, 46 AD3d 943, 947 [3d Dept 2007]).
Finally, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025