OPINION OF THE COURT
Memorandum.
Judgment of conviction modified on the law and facts by vacating the convictions for menacing in the third degree and harassment in the second degree, and dismissing said charges; as so modified, affirmed.
Prior to the start of trial, defense counsel made a Sandoval motion whereupon it was noted that defendant had no prior arrests or convictions. The trial court did not make a Sandoval ruling. The People then moved to submit evidence of specific prior bad acts of defendant during their direct case at trial (see People v Ventimiglia, 52 NY2d 350; People v Molineux, 168 NY 264). The court denied the People’s motion without prejudice to renewal during trial (see People v Ardito, 231 AD2d 116). It is well settled that evidence of the prior bad acts of a defendant is admissible when it is needed as background material or to complete the narrative of an episode (see People v Till, 87 NY2d *670 835; People v Ventimiglia, supra; People v Molineux, supra). Consequently, defendant’s contentions that Molineux was not at issue, that he should have been provided with notice of the prior bad acts sought to be introduced by the People, and that he was thereby deprived of his right to make an informed choice of whether to testify, are without merit.
During trial, the court sustained defense counsel’s objections to the prosecutor’s attempts to cross-examine defendant regarding various business concerns and to have the complainant testify regarding these concerns. Therefore, contrary to defendant’s contention, the People were not improperly allowed to elicit testimony on these matters. Inasmuch as the complainant testified that she and defendant were married to other people when they started their relationship, and defendant raised the issue of his fidelity during his direct testimony, the court did not improvidently exercise its discretion by allowing the People to cross-examine defendant regarding the foregoing (see People v Schwartzman, 24 NY2d 241). In any event, during summations, the court stated it would not consider testimony regarding defendant’s business dealings, marital status, or relationships with other women since such testimony was not germane.
Moreover, the trial court did not improperly allow the People to elicit testimony regarding defendant’s postarrest silence (see People v Conyers, 52 NY2d 454, 458). During the prosecutor’s cross-examination of the sergeant, the trial court overruled defense counsel’s objection to the question regarding whether the sergeant had a conversation with defendant’s lawyer. The sergeant responded that defense counsel informed him that he was representing defendant and that he could not question defendant outside of his presence. The court also overruled defense counsel’s objection to a question as to whether defendant made any statements regarding the marks the sergeant had observed on defendant’s neck. The sergeant responded that he did not recall defendant saying anything and, in response to the next question, noted that defendant may have pointed to the marks on his neck. The sergeant also testified that defendant did not request medical attention. The prosecutor’s questions and the witness’ responses are clearly not within the scope of the Conyers rule against impeaching a defendant by using his prior failure to come forward with an exculpatory version of events. In any event, it should not be inferred that the court, as the trier of fact, construed such *671 testimony as an admission and drew an unwarranted inference of guilt.
Further, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish defendant’s guilt beyond a reasonable doubt of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00 [1]), and the verdict thereon was not against the weight of the evidence (see CPL 470.15; People v Bleakley, 69 NY2d 490, 495). The evidence, however, solely established defendant’s intent to injure the complainant. It did not establish an intent to cause a fear of death, imminent serious physical injury or physical injury to the complainant (see Penal Law § 120.15), or an intent to harass, annoy or alarm the complainant (see Penal Law § 240.26 [1]). Consequently, we find that defendant’s convictions of harassment in the second degree and menacing in the third degree are against the weight of the evidence and should be vacated.
Golia and Rios, JJ., concur; Aronin, J.P., taking no part.