■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GARCIA, Appellant. [747 NYS2d 374] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered February 8, 2001, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

Even assuming for purposes of this appeal that defendant's attorney engaged in gender-based discrimination during jury selection, we conclude that this would not be a basis upon which to reverse defendant's conviction (*see United States v Boyd*, 86 F3d 719 [7th Cir], *cert denied* 520 US 1231). Defendant's claim is not only unpreserved but waived, since defendant, through his counsel, is the source of the error.

Defense counsel peremptorily challenged the female panelists at issue, and defended those challenges during the court's *Batson* inquiry, since he sought to achieve a jury composition that he perceived would be most favorable to his client. Defendant makes no claim of ineffective assistance, and the record would not support such a claim in any event (*see People v Benevento*, 91 NY2d 708, 713-714).

With certain exceptions not applicable here, all of a defense attorney's decisions are binding upon his or her client (*People v Catten*, 69 NY2d 547, 556; *People v Ferguson*, 67 NY2d 383, 389-390). Accordingly, almost all of a defense attorney's acts or omissions are deemed on appeal to be those of the defendant. This is especially so in this case since the defense attorney explicitly stated that his client had discussed and approved the strikes in issue. In this case, defendant has not shown how he was "adversely affected" (CPL 470.15 [1]) by a ruling in his favor, obtained for him by his agent.

Interest of justice review is not warranted. When a defendant seeks reversal on the basis of the very argument which he, through counsel, insisted that the trial court adopt, but concerning which he has taken a contrary view for purposes of appeal, public policy demands that the defendant not be rewarded for encouraging a court to decide wrongly in his favor (*People v Aezah*, 191 AD2d 312, *lv denied* 81 NY2d 1010).

Finally, we conclude that a defendant whose counsel has stricken prospective jurors is not a proper party to assert those same panelists' rights to serve on a jury (*cf. Powers v Ohio*, 499 US 400, 413-414).

We perceive no basis for a reduction of sentence. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.