■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX DIAZ, Appellant. [851 NYS2d 547]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered April 3, 2006, as amended April 11, 2006, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of two years, unanimously affirmed.

Defendant was charged with making three drug sales to apprehended buyers in front of a building containing an apartment that had been under investigation. The police subsequently searched the apartment pursuant to a warrant, finding additional drugs and paraphernalia, as well as mail containing defendant's name and the apartment's address. At trial, defendant's theory of defense was that he lived elsewhere and had no connection with this apartment or with any drug sales. On cross-examination of a police witness, defense counsel elicited that about five drug sales had been consummated in the apartment in the months preceding the charged sales, but that defendant was not present during those transactions. On appeal, defendant challenges this testimony as hearsay and "uncharged crimes." Since the record is clear that defense counsel deliberately elicited all of the challenged testimony, which was responsive to his cross-examination of the officer, defendant has waived any challenge except in context of his ineffective assistance of counsel claim (*see People v Garcia*, 298 AD2d 107 [2002], *lv denied* 99 NY2d 558 [2002]). Defendant's ineffective assistance claim regarding this evidence is unreview-

able on direct appeal because it involves matters of strategy outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). It was a reasonable strategy for counsel to elicit the testimony in question, which tended to support the defense theory. Defendant's other ineffective assistance claims are without merit.

Nothing in the prosecutor's summation shifted the burden of proof, and, in any event, the court's curative instruction on that subject was sufficient to prevent any prejudice. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.