THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DOLISCA, Appellant. [878 NYS2d 94]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 20, 2007, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was acquitted of the three most serious charges in the indictment, murder in the second degree, attempted murder in the second degree, and assault in the first degree. Contrary to the defendant's contention, he was afforded the effective assistance of trial counsel. Counsel asserted, as a defense, that the defendant was merely present at the scene where the subject shootings occurred. Counsel participated in all aspects of the criminal proceeding, including making appropriate objections, calling several witnesses, including the defendant, who testified on his own behalf, and delivering a vigorous summation supporting the asserted defense theory. Evaluating the trial process in this case as a whole, the defendant received meaningful representation (see People v Ennis, 11 NY3d 403, 411-415 [2008]; People v Stultz, 2 NY3d 277, 283-284 [2004]; People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Holmes, 47 AD3d 946, 947 [2008]; People v Johnson, 40 AD3d 1270, 1273 [2007]; cf. People v Vankenie, 52 AD3d 849, 850 [2008]; People v Melendez, 50 AD3d 485 [2008]; People v Diaz, 48 AD3d 335, 336 [2008]; People v Washington, 45 AD3d 880 [2007]; People v Hines, 24 AD3d 964, 965 [2005]; People v Pratt, 153 AD2d 867, 868 [1989]; People v Iovine, 193 Misc 2d 668, 670-671 [2002]).

Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evi-

dence (*see People v Romero*, 7 NY3d 633 [2006]). Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.