■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BRIM, Appellant. [27 NYS3d 556]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered December 3, 2013, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony drug offender previously convicted

of a violent felony, to an aggregate term of seven years, unanimously affirmed.

Review of defendant's claim that the court improperly denied his challenge for cause to a prospective juror is foreclosed because defendant neither peremptorily challenged this juror nor exhausted all of his peremptory challenges (CPL 270.20 [1]). There is no reason to depart from the express terms of the statute, and we reject defendant's arguments to the contrary. At the time an issue about the juror's impartiality arose, defendant still had the opportunity to exercise two unused peremptories, and since the jury had not yet been sworn, CPL 270.15 (4) does not apply to defendant's claim.

By failing to object, by making only generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve his challenges to the prosecutor's summation (*see People v Balls*, 69 NY2d 641 [1986]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The comments at issue were generally based on reasonable inferences drawn from the evidence and were fair responses to defense counsel's summation (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's argument that he was entitled to a financial hardship hearing pursuant to CPL 420.40 regarding the mandatory surcharge is unavailing (*see People v Jones*, 115 AD3d 490 [1st Dept 2014], *affd* 26 NY3d 730 [2016]). Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.