People v Maltese (2021 NY Slip Op 51259(U))

[*1]

People v Maltese (Jennifer)

2021 NY Slip Op 51259(U) [73 Misc 3d 146(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-1645 N CR

The People of the State of New York,
Respondent,
against
Jennifer Maltese, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Monica M. C. Leiter of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Darlene D.
Harris, J.), rendered September 27, 2019. The judgment convicted defendant, upon a jury verdict,
of unauthorized use of a vehicle in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was initially charged with robbery in the second degree (Penal Law § 160.10
[2] [a]). Subsequently, the felony charge was reduced, and ultimately a jury trial was held on
misdemeanor charges of assault in the third degree (Penal Law § 120.00 [1]) and
unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). According to the
allegations of the misdemeanor information, in the early morning hours of May 9, 2017,
defendant took the keys to a vehicle belonging to the complainant, defendant's mother, and drove
off without permission or authority to do so, injuring her mother in the process.
Prior to the start of the trial, the District Court barred prosecution witnesses from testifying
about defendant's history of illness and drug abuse. During the trial, defendant's mother, father
and brother proffered testimony which, defendant claimed, violated that prohibition. While some
objections were sustained by the court, each of defendant's motions for a mistrial was denied.
Following the trial, the jury convicted defendant of unauthorized use of a motor vehicle in the
third degree and acquitted her of the assault charge.
Although there are specific exceptions, e.g., to demonstrate identity, intent or motive (see
[*2]People v Molineux, 168 NY 264 [1901]), the "general
rule of evidence applicable to criminal trials is that the state cannot prove against a defendant any
crime not alleged in the indictment . . . as aiding the proofs that he is guilty of the crime charged"
(id. at 291; see People v Ventimiglia, 52 NY2d 350, 359 [1981]). The same can
also be said for prior bad acts evidence (see People v Basir, 179 AD2d 662, 663 ["It is
well established that evidence of prior bad acts is inadmissible if its sole purpose is to show a
predisposition to commit the crime charged"]; People v Iovine, 193 Misc 2d 668, 669
[App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Upon a review of the witnesses'
testimonies, we find that the District Court did not improvidently deny defendant's mistrial
motions, as many of the testimonial statements did not, contrary to defendant's speculative claim,
clearly or inexorably paint defendant as an addict who repeatedly stole money from her
parents.
In any event, the prosecution witnesses' occasional testimony that violated the District
Court's pretrial order was harmless, as there is " 'no significant probability that the jury would
have acquitted [] defendant were it not for the error' " (People v Nazario, 100 AD3d 783, 785 [2012], quoting People v Santiago, 17 NY3d 661,
673-674 [2011]). The testimonies of the People's witnesses were consistent, credible and
demonstrated beyond a reasonable doubt that defendant took her parents' vehicle without
permission in the early morning hours of May 9, 2017. Furthermore, "any prejudice to defendant
that might have resulted from that testimony was alleviated when the [District] Court sustained
defendant's objection and took prompt curative actions of striking the testimony . . . . The court
further instructed the jury, during final jury instructions, to disregard any testimony that had been
stricken from the record" (People v
Swett, 67 Misc 3d 130[A], 2020 NY Slip Op 50429[U], *1 [App Term, 2d Dept, 9th
& 10th Jud Dists 2020] [citations omitted]; see People v Guzman, 76 NY2d 1, 7
[1990]; People v Santiago, 52 NY2d 865, 866 [1981]). That defendant was acquitted of
the charge of assaulting her mother demonstrates that the jury indeed obeyed the court's
instructions and did not allow their deliberation to be influenced by the stricken testimony.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2021