People v Ryant (2025 NY Slip Op 00277)

People v Ryant

2025 NY Slip Op 00277

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind No. 48/18 Appeal No. 3514 Case No. 2019-03853 

[*1]The People of the State of New York, Respondent,
v
Luke Ryant, Defendant-Appellant.

Michael E. Lipson, Garden City, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J., on suppression motion; Laura A. Ward, J., at hearing; Mark Dwyer, J., at trial and sentencing), rendered June 3, 2019, convicting defendant of criminal possession of a weapon in the second degree (two counts), attempted gang assault in the first degree, attempted assault in the first degree, and conspiracy in the fourth degree, and sentencing him, as a second felony offender, to an aggregate prison term of fourteen years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, - NY3d -, 2024 NY Slip Op 05244 [2024]). While it is unclear whether defendant is contesting the verdict on the fourth-degree conspiracy charge, viewed as a whole, the evidence supported the conclusion that defendant was a participant in the firearm possession conspiracy. Defendant's intent and his agreement with his coconspirators "could be readily inferred from the totality of the circumstantial evidence, which excluded reasonable innocent explanations" (People v Rivera, 215 AD3d 462, 462 [1st Dept 2023], lv denied 40 NY3d 999 [2023]). In addition, the physical evidence and testimony of a detective who based upon his personal interactions with defendant and his own investigation was familiar with not only defendant's appearance but his manner of walking, his clothing, and other characteristics, established that defendant, together with others, was one of the shooters. He was also identified by one of the participants by his well-known nickname. The totality of the evidence fully established defendant as the taller shooter (see People v King, 15 AD3d 243 [1st Dept 2005], lv denied 4 NY3d 854 [2005]).
Defendant's challenge to police witness testimony, most of which was elicited by counsel on cross-examination concerning the identification of defendant by a nickname, is unpreserved or affirmatively waived and we decline to review it in the interest of justice (see People v Diaz, 48 AD3d 335 [1st Dept 2008], lv denied 10 NY3d 862 [2008]; People v Otero, 279 AD2d 355 [1st Dept 2001], lv denied 96 NY2d 804 [2001]). As an alternative holding, we find no basis for reversal.
Defendant failed to preserve his challenges to the prosecutor's summation (see People v Romero, 7 NY3d 911, 912 [2006]; People v Brim, 137 AD3d 627, 628 [1st Dept 2016], lv denied 27 NY3d 1128 [2016]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 143 [1st Dept 1997], lv denied 91 NY2d 976[*2][1998]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021). We note that the People do not oppose this relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025